Whaley, Chief Justice,
delivered the opinion of the court:
This action is brought to recover the sum of $320.70 under a contract with the defendant, executed on June 25, 1934. The plaintiff undertook, for the sum of $3,733, to move certain furniture, miscellaneous office records, supplies, and equipment of thirteen branches or activities of the defendant to the new Custom House and Appraisers’ Stores Building in Philadelphia, Pennsylvania.
No question of law is presented, — only questions of fact.
The first item on which plaintiff claims recovery is the alleged failure of the defendant to provide adequate elevator service at the new Custom House during the full eight hour period for which it had to pay its employees, with the result that the plaintiff’s employees were idle for periods of the full eight hour shifts. The curtailment of the elevator service caused the plaintiff the loss of services of the employees during these hours, and entailed the loss to plaintiff in the sum of $211.20. The evidence is somewhat conflicting. The burden of establishing the facts of a case is on the plaintiff, and after a careful examination of the testimony, the court is of the opinion that the plaintiff here has failed to prove by the greater weight of the evidence that the elevator service wag curtailed during the hours when the plaintiff was ready and willing to work. Becovery on this item is denied.
During the moving operations two typewriters were lost, and a deduction of $52.50 was made by the defendant from the contract price, and the plaintiff seeks as its second claim the allowance of this amount.
*469 The evidence clearly establishes that while moving the -equipment of the Veterans’ Administration the employees -of the contractor left the typewriters and other articles .standing unguarded on the sidewalk of the street in front of the Custom House. This street was in a crowded downtown section of Philadelphia, and was used heavily by pedestrians. It was necessary for these people to pass through the aisles of this unguarded equipment and furniture. Leaving this property without custodians was not the exercise of due care and reasonable protection, and was the proximate cause of the loss. No recovery can be had on this item.
The defendant deducted from the contract price the sum •of $57 for damage to the elevators by plaintiff’s employees. These elevators were used by other contractors to carry Leavy furniture and cabinets. The evidence is convincing that the employees of plaintiff exercised due care in loading the elevators, and whatever damage was done was not due to the negligence of plaintiff’s employees. The plaintiff is entitled to recover on this item.
Judgment will be entered for plaintiff in the amount of '$57. It is so ordered.
Littleton, Judge; and Green, Judge, concur.
Jones, Judge; and Whitaker, Judge, took no part in the decision of this case.